1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11  KLAMATH-SISKIYOU WILDLANDS        No. CIV-S-05-0299 MCE/PAN
    CENTER, ENVIRONMENTAL
12  PROTECTION INFORMATION
    CENTER, and KLAMATH FOREST
13  ALLIANCE,

14          Plaintiffs,

15      v.                            PRETRIAL (STATUS) SCHEDULING ORDER

16  UNITED STATES FOREST SERVICE,

17          Defendant.
    _____/
18

19      After reviewing the parties' Joint Status Report, the court

20  makes the following order.

21      I.   SERVICE OF PROCESS

22      All named defendants have been served and no further service

23  is permitted without leave of court, good cause having been

24  shown.

25      II.  ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

26      No joinder of parties or amendments to pleadings is

27  permitted without leave of court, good cause having been shown.

28  ///

                                    1

1    III. <u>JURISDICTION/VENUE</u>

2    Jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1346.

3    Jurisdiction and venue are not contested.

4    IV. <u>DISCOVERY</u>

5    All discovery, with the exception of expert discovery, shall

6    be completed by **October 12, 2005.**  In this context, "completed"

7    means that all discovery shall have been conducted so that all

8    depositions have been taken and any disputes relative to

9    discovery shall have been resolved by appropriate order if

10   necessary and, where discovery has been ordered, the order has

11   been obeyed.  All motions to compel discovery must be noticed on

12   the magistrate judge's calendar in accordance with the local

13   rules of this court.

14   V.    <u>DISCLOSURE OF EXPERT WITNESSES</u>

15   All counsel are to designate in writing, file with the

16   court, and serve upon all other parties the name, address, and

17   area of expertise of each expert that they propose to tender at

18   trial not later than **December 12, 2005.**[1]  The designation shall

19   be accompanied by a written report prepared and signed by the

20   witness.  The report shall comply with Fed. R. Civ. P.

21   26(a)(2)(B).

22   Within twenty (20) days after the designation of expert

23   witnesses, any party may designate a supplemental list of expert

24   witnesses who will express an opinion on a subject covered by an

25   expert designated by an adverse party.

26   ///

---

28   [1]    The discovery of experts will include whether <u>Daubert/Kumho</u> motions are anticipated.

1  The right to designate a supplemental expert for rebuttal

2  purposes only shall apply to a party who has not previously

3  disclosed an expert witness on the date set for expert witness

4  disclosure by this Scheduling Order.

5     Failure of a party to comply with the disclosure schedule as

6  set forth above in all likelihood will preclude that party from

7  calling the expert witness at the time of trial.  An expert

8  witness not appearing on the designation will not be permitted to

9  testify unless the party offering the witness demonstrates: (a)

10 that the necessity for the witness could not have been reasonably

11 anticipated at the time the list was proffered; (b) that the

12 court and opposing counsel were promptly notified upon discovery

13 of the witness; and (c) that the witness was promptly made

14 available for deposition.

15    For purposes of this scheduling order, an "expert" is any

16 person who my be used at trial to present evidence under Rules

17 702, 703, and 705 of the Federal Rules of Evidence, which include

18 both "percipient experts" (persons who, because of their

19 expertise, have rendered expert opinions in the normal course of

20 their work duties or observations pertinent to the issues in the

21 case) and "retained experts" (persons specifically designated by

22 a party to be a testifying expert for the purposes of

23 litigation).

24    Each party shall identify whether a disclosed expert is

25 percipient, retained, or both.  It will be assumed that a party

26 designating a retained expert has acquired the express permission

27 of the witness to be so listed.

28 ///

Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

Counsel are instructed to complete all discovery of expert witnesses in a timely manner in order to comply with the courts deadline for filing dispositive motions.

VI.   <u>MOTION HEARING SCHEDULE</u>

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard <u>no</u> <u>later</u> <u>than</u> **March 6, 2006.**  The parties are responsible for ensuring that all motions are filed to allow for proper notice of the hearing under the Federal Rules of Civil Procedure and/or Local Rules.  Available hearing dates may be obtained by calling Amanda Souvannarath, Deputy Courtroom Clerk, (916) 930-4207.

All purely legal issues are to be resolved by timely pretrial motions.  Local Rule 78-230 governs the calendaring and procedures of civil motions with the following additions:

      (a)   The opposition and reply must be filed by **4:00 p.m.** on the day due; and

///

1    (b) When the last day for filing an opposition brief

2       falls on a legal holiday, the opposition brief

3       shall be filed on the last court day immediately

4       preceding the legal holiday.

5   Failure to comply with Local Rule 78-230(c), as modified by

6 this order, may be deemed consent to the motion and the court may

7 dispose of the motion summarily.  Further, failure to timely

8 oppose a summary judgment motion[2] may result in the granting of

9 that motion if the movant shifts the burden to the nonmovant to

10 demonstrate that a genuine issue of material fact remains for

11 trial.

12   The court places a page limit of twenty (20) pages on all

13 initial moving papers, twenty (20) pages on oppositions, and ten

14 (10) pages for replies.  All requests for page limit increases

15 must be made in writing to the Court setting forth any and all

16 reasons for any increase in page limit at least fourteen (14)

17 days prior to the filing of the motion.

18   For the court's convenience, citations to Supreme Court

19 cases should include parallel citations to the Supreme Court

20 Reporter.

21   The parties are reminded that a motion <u>in</u> <u>limine</u> is a

22 pretrial procedural device designed to address the admissibility

23 of evidence.

24 ///

25 ///

26

27   [2] The court urges any party that contemplates bringing a
motion for summary judgment or who must oppose a motion for
28 summary judgment to review Local Rule 56-260.

The court will look with disfavor upon dispositional motions (except those noted on page 3) presented at the Final Pretrial Conference or at trial in the guise of motions in limine.

The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

VII. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for **June 5, 2006** at **3:30 p.m.** At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference. If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

The parties shall file, not later than **May 22, 2006,** a joint pretrial statement. The provisions of Local Rules 16-281 shall apply with respect to the matters to be included in the joint pretrial statement. In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with a plain, concise statement that identifies every non-discovery motion tendered to the court and its resolution.

///

1   Failure to comply with Local Rule 16-281, as modified by this
2   order, may be grounds for sanctions.

3       At the time of filing the Final Pretrial Conference
4   Statement, counsel shall also electronically mail to the court in
5   digital format compatible with Microsoft Word or WordPerfect, the
6   joint pretrial statement in its entirety including the witness
7   and exhibit lists. **These documents shall be sent to:**
8   **mceorders@caed.uscourts.gov.**

9       The parties should identify first the core undisputed facts
10  relevant to all claims.  The parties should then, in a concise
11  manner*,* identify those undisputed core facts that are relevant to
12  each claim.  The disputed facts should be identified in the same
13  manner.  Where the parties are unable to agree as to what
14  disputed facts are properly before the court for trial, they
15  should nevertheless list all disputed facts asserted by each
16  party.  Each disputed fact or undisputed fact should be
17  separately numbered or lettered.

18      Each party shall identify and concisely list each disputed
19  evidentiary issue which will be the subject of a motion in
20  limine.

21      Each party shall identify the points of law which concisely
22  describe the legal issues of the trial which will be discussed in
23  the parties' respective trial briefs.  Points of law should
24  reflect issues derived from the core undisputed and disputed
25  facts.  Parties shall not include argument or authorities with
26  any point of law.

27  ///
28  ///

7

The parties are reminded that pursuant to Local Rule 16-281 they are required to list in the Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists.  These list(s) shall not be contained in the body of the Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiffs' exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the court: pink for plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  All multi page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses. In the event that plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is _first_ _identified_.  The court cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

///

///

///

1  The Final Pretrial Order will contain a stringent standard
2  for the offering at trial of witnesses and exhibits not listed in
3  the Final Pretrial Order, and the parties are cautioned that the
4  standard will be strictly applied.  On the other hand, the
5  listing of exhibits or witnesses that a party does not intend to
6  offer will be viewed as an abuse of the court's processes.

7  Counsel shall produce all trial exhibits to Amanda
8  Souvannarath, the Courtroom Clerk, no later than **3:00 p.m.** on
9  **July 5, 2006.**

10  The parties also are reminded that pursuant to Rule 16 of
11  the Federal Rules of Civil Procedure it will be their duty at the
12  Final Pretrial Conference to aid the court in: (a) the
13  formulation and simplification of issues and the elimination of
14  frivolous claims or defenses; (b) the settling of facts that
15  should properly be admitted; and (c) the avoidance of unnecessary
16  proof and cumulative evidence.  Counsel must cooperatively
17  prepare the joint Final Pretrial Conference Statement and
18  participate in good faith at the Final Pretrial Conference with
19  these aims in mind.  A failure to do so may result in the
20  imposition of sanctions which may include monetary sanctions,
21  orders precluding proof, elimination of claims or defenses, or
22  such other sanctions as the court deems appropriate.

23  VIII.  <u>TRIAL SETTING</u>

24  The trial is set for **July 12, 2006 at 9:00 a.m.**  Trial will
25  be by **court.**  The parties estimate a trial length of **three (3)**
26  **days.**

27  ///
28  ///

9

1       IX.  <u>SETTLEMENT CONFERENCE</u>

2       No settlement conference is currently scheduled.  A

3 settlement conference may be set at the parties' request.  In the

4 event a settlement conference date is requested, the parties

5 shall file said request jointly, in writing.

6       Counsel are instructed to have a principal with full

7 settlement authority present at the Settlement Conference or to

8 be fully authorized to settle the matter on any terms.  At least

9 seven (7) calendar days before the Settlement Conference, counsel

10 for each party shall submit to the chambers of the settlement

11 judge a confidential Settlement Conference Statement.  Such

12 statements are neither to be filed with the Clerk nor served on

13 opposing counsel.  Each party, however, shall serve notice on all

14 other parties that the statement has been submitted.  If the

15 settlement judge is not the trial judge, the Settlement

16 Conference Statement shall not be disclosed to the trial judge.

17       After the Final Pretrial Conference, the court will not set

18 a settlement conference.  The parties are free, however, to

19 continue to mediate or attempt to settle the case with the

20 understanding that the trial date is a firm date.

21       X.  <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

22       Pursuant to Local Rule 16-271 parties will need to lodge a

23 stipulation and proposed order requesting referral to the

24 Voluntary Dispute Resolution Program.

25 ///

26 ///

27 ///

28 ///

1    XI.  <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

2        The parties are reminded that pursuant to Rule 16(b) of the

3    Federal Rules of Civil Procedure, the Status (Pretrial

4    Scheduling) Order shall not be modified except by leave of court

5    upon a showing of good cause.  Agreement by the parties pursuant

6    to stipulation alone does not constitute good cause.  Except in

7    extraordinary circumstances, unavailability of witnesses or

8    counsel does not constitute good cause.

9        XII. <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

10       This Status Order will become final without further order of

11   the court unless objections are filed within seven (7) *court* days

12   of service of this Order.

13       IT IS SO ORDERED.

14   DATED: July 11, 2005

15

16

17   _____

18   MORRISON C. ENGLAND, JR
     UNITED STATES DISTRICT JUDGE

11