UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KLAMATH-SISKIYOU WILDLANDS CENTER, ENVIRONMENTAL PROTECTION INFORMATION CENTER, and KLAMATH FOREST ALLIANCE,

        Plaintiffs,

   v.

UNITED STATES FOREST SERVICE,

        Defendant.

No. 2:05-cv-0299-MCE-PAN

<u>ORDER</u>

On July 14, 2006, this Court issued a Memorandum and Order granting certain declaratory relief in favor of both parties in this challenge, by Plaintiffs, to implementation of the so-called Meteor Project proposed by Defendant United States Forest Service ("Forest Service"). As outlined in that Order, the Court identified six substantive issues addressed by the parties and found in favor of Plaintiffs as to four of those issues and in favor of the Forest Service on the remaining two issues.

///
///

1 The Forest Service now moves for reconsideration and/or
2 clarification with respect to that Order pursuant to Federal Rule
3 of Civil Procedure 59(e) and 60(a).[1]  That Motion will be granted
4 in part and denied in part as set forth below.
5     First, with respect to supplementation of the administrative
6 record before the Court in deciding the cross-motions for summary
7 judgment and/or summary adjudication, the Court mistakenly
8 identified the Declaration of John R. ("Jack") West as having
9 been proffered by Plaintiffs, when in fact it was offered on
10 behalf of the Forest Service.  Rule 60(a) permits the Court to
11 rectify both clerical mistakes and errors arising from oversight
12 or omission in either an order or judgment.  The Forest Service
13 has moved for clarification in that regard, and Plaintiffs do not
14 oppose that request, which the Court deems appropriate.  The July
15 14, 2006 Order is consequently corrected to reflect the fact that
16 the West Declaration, which was admitted by the Court to
17 supplement the existing administrative record, was introduced by
18 the Forest Service.
19     The Forest Service has also correctly noted that one
20 reference cited by the Court with respect to the logging of large
21 diameter trees in fact refers to logging within riparian reserves
22 rather than within the Project as a whole.  See July 14, 2006
23 Order, 11:25-26.  That reference is also clarified pursuant to
24 Rule 60(a).
25 ///
26 ///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1      On a substantive basis, the Forest Service seeks
2 reconsideration as to two of the four issues decided against it.
3 First, the Forest Service urges the court to reconsider its
4 finding that the Meteor Project FEIS does not adequately disclose
5 the extent to which large old growth trees are subject to logging
6 on the ground, and consequently does not properly analyze the
7 effects of logging such trees.  Second, the Forest Service asks
8 the Court to revisit its determination that the FEIS' failure to
9 disclose background levels of water turbidity violated NEPA.
10      Any relief with respect to these substantive requests cannot
11 be granted under Rule 60(a) because the Forest Service's
12 contentions rest neither on clerical mistakes nor upon the
13 Court's omission or oversight.  Instead, the Forest Service
14 argues that the record simply does not support the Court's
15 analysis and conclusions.  Rule 60(a) cannot form the basis for
16 any such relief.  Moreover, while the Forest Service also relies
17 on Rule 59(e), that section is limited to requests that a
18 judgment be altered or amended, and here no such judgment has
19 been entered (indeed, concurrently with the instant motion the
20 Court is considering the scope of injunctive relief which would
21 afford the basis for such judgment).
22      The Court will, however, consider the Forest Service's
23 request as an application for reconsideration under Local Rule
24 78-230(k).  That Rule requires the Forest Service to identify
25 what new or different facts or circumstances exist or were not
26 shown at the time of the original motion, or what other grounds
27 exist for the motion.  The Forest Service has not established
28 good cause for reconsideration under Rule 78-230(k).

1  Instead, examination of the Forest Service's Motion shows that it
2  merely reargues its case in chief and disagrees with the Court's
3  conclusions as to the two substantive issues in question.
4  Reconsideration in that regard is inappropriate.
5       Given the foregoing, the Forest Service's Motion for
6  Reconsideration is granted only 1) to clarify that the Forest
7  Service introduced the West Declaration; and 2) to clarify one of
8  the references cited by the Court in its July 14, 2006 Order.
9  The Forest Service's Motion is otherwise denied.[2]
10      IT IS SO ORDERED.

DATED: 9-12-06

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

4