1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  KLAMATH-SISKIYOU WILDLANDS              No. 2:05-cv-0299-MCE-PAN
    CENTER, ENVIRONMENTAL
12  PROTECTION INFORMATION
    CENTER, and KLAMATH FOREST
13  ALLIANCE,

14          Plaintiffs,

15     v.                                        ORDER

16  UNITED STATES FOREST SERVICE,

17          Defendant.

18                         ----oo0oo----

19

20     By Memorandum and Order filed July 14, 2006, this Court

21  granted declaratory relief in favor of both Plaintiffs and

22  Defendant United States Forest Service ("Forest Service") as to

23  certain issues.

24  ///

25  ///

26  ///

27  ///

28  ///

1

1 Specifically, Plaintiffs were found entitled to summary

2 adjudication as to the following issues:  1) that the FEIS fails

3 to properly analyze the field designation of significant numbers

4 of larger trees for logging; 2) that snag/green tree retention

5 requirements do not adequately address cavity-nesting bird

6 habitat; 3) that background turbidity levels are not disclosed,

7 as they must, in the FEIS; 4) that in the absence of a site-

8 specific analysis of gopher baiting, the FEIS fails to meet NEPA

9 standards; and 5) that all issues before the Court are adequately

10 exhausted.  The Forest Service prevailed with respect to 1)

11 issues pertaining to geology and landslide potential; and 2)

12 consideration of reasonable project alternatives.  In its July

13 14, 2006 Order, the Court requested further briefing as to the

14 proper scope of any injunctive remedy in light of the above

15 findings.  That briefing has now been submitted and considered by

16 the Court.

17    The Forest Service does not contest the issuance of a

18 permanent injunction precluding any further implementation of the

19 so-called Meteor Project (located along the North and South Forks

20 of the Salmon River Watershed near Yreka, California) as

21 currently proposed and decided, for the duration of the time the

22 matter is remanded to the Forest Service for preparation of

23 supplemental NEPA documents and a new ROD addressing the NEPA

24 defects identified by the Court in its July 14, 2006 decision as

25 outlined above.  (See Opp., 2:16-18).  Plaintiffs object to that

26 proposal on grounds that the Court should direct the Forest

27 Service to prepare an entirely new FEIS rather than permit

28 supplemental findings responsive to the Court's concerns.

1    In the Court's view it would be improper to require the

2  Forest Service to prepare any particular type of NEPA documents,

3  since the Forest Service must initially be afforded the latitude

4  to prepare the documents it deems appropriate to demonstrate NEPA

5  compliance in accordance with the Court's directives.  The Court

6  would infringe on the Forest Service's independent management of

7  its own affairs were it to direct that compliance take place

8  through specified means rather than through steps developed and

9  decided upon by the Forest Service.  The Forest Service itself

10  should consider how best to cure the NEPA deficiencies the Court

11  has found.  See Fla. Power & Light Co. v. Lorion, 470 U.S. 729,

12  744 (1985) (if the record does not support the agency's action or

13  the agency has not considered all relevant factors, then "the

14  proper course, except in rare circumstances, is to remand to the

15  agency for additional investigation or explanation.").

16  Consequently the Court declines to set aside the entire FEIS, or

17  vacate the ROD adopted in accordance with that FEIS, at this

18  time.

19    Good cause appearing therefor, the Forest Service is hereby

20  permanently enjoined from any further implementation of the

21  Meteor Project until such time as it has conducted further

22  investigation and analysis consistent with the directives of

23  NEPA.[1]

24  ///

25  ///

26

27    [1] Because oral argument would not be of material assistance,
this matter was deemed suitable for decision without oral
28  argument.  E.D. Local Rule 78-230(h).

1  The matter is remanded to the Forest Service for the

2  consideration it deems sufficient to cure NEPA violations

3  identified by the Court with respect to 1) analysis of larger

4  trees earmarked for logging; 2) whether snag/green tree retention

5  requirements adequately address cavity-nesting bird habitat; 3)

6  disclosure of background turbidity levels; and 4) a site-specific

7  analysis of gopher baiting as proposed in the Project.  Judgment

8  shall be entered accordingly.

9

10      IT IS SO ORDERED.

11

12  DATED: September 12, 2006

13

14

15  _____

MORRISON C. ENGLAND, JR

16  UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

4